# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACY TABB,<br><br>        Plaintiff,<br><br>vs.<br><br>GTX, INC., MICHAEL G. CARTER, J. KENNETH GLASS, MARC S. HANOVER, J.R. HYDE, III, GARRY A. NEIL, KENNETH S. ROBINSON, and ROBERT J. WILLS,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Stacy Tabb ("Plaintiff"), by her undersigned attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## NATURE AND SUMMARY OF THE ACTION

1. Plaintiff, a stockholder of GTx, Inc. ("GTx" or the "Company") brings this action against the Company and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §§ 240.14a-9 arising out of the definitive merger agreement between and among GTx, Oncternal Therapeutics, Inc. ("Oncternal"), and Oncternal's wholly owned subsidiary, Grizzly Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement").

2. On March 6, 2019, the Board caused the Company to enter into the Merger Agreement. Pursuant to the Merger Agreement, current stockholders of GTx are expected to

control approximately 25% of the combined company and former Oncternal stockholders are expected to control approximately 75% of the combined Company (the "Proposed Transaction"). In addition to stock ownership, GTx stockholders will receive non-transferable contingent value rights ("CVR") entitling the holders to receive 50% of any net proceeds derived from the grant, sale or transfer of rights to selective androgen receptor degrader ("SARD") or selective androgen receptor modulator ("SARM") technology during the term of the CVR and, if applicable, to receive royalties on the sale of any SARD products by the combined company during the term of the CVR.

3. On April 8, 2019, the Company filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC designed to convince GTx stockholders to approve the Proposed Transaction. The Registration Statement is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding (i) communications between Oncternal and members of the GTx Board and management regarding future employment with the combined company; and (ii) the confidentiality agreements entered into between the Company and other potential strategic partners during the process leading up to the signing of the Merger Agreement.

4. The special meeting of GTx stockholders to vote on the Proposed Transaction is forthcoming (the "Stockholder Vote"). Therefore, it is imperative that the material information omitted from the Registration Statement is disclosed to the Company's stockholders prior to the Stockholder Vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from consummating the Proposed Transaction unless and until the material information discussed below is disclosed to Plaintiff and GTx stockholders or, in the event the

Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## PARTIES

6. Plaintiff is, and has been at all relevant times, a stockholder of GTx.

7. Defendant GTx is a Delaware corporation. It maintains its principal executive offices at 17 W. Pontotoc Ave., Suite 100, Memphis, Tennessee, 38103. The Company's common stock is listed for trading on the NASDAQ under the ticker symbol "GTXI." GTx is a biopharmaceutical company dedicated to the discovery, development and commercialization of small molecules for the treatment of muscle-related diseases and other serious medical conditions.

8. Defendant Michael G. Carter has served as a director of GTx at all relevant times.

9. Defendant J. Kenneth Glass has served as a director of GTx at all relevant times.

10. Defendant Marc S. Hanover has served as the Chief Executive Officer and as a director of GTx at all relevant times.

11. Defendant J.R. Hyde, III has served as a director of GTx at all relevant times.

12. Defendant Garry A. Neil has served as a director of GTx at all relevant times.

13. Defendant Kenneth S. Robinson has served as a director of GTx at all relevant times.

14. Defendant Robert J. Wills has served as the Chairman of the GTx Board at all relevant times.

15. The Defendants described in ¶ 8 through ¶ 14 are referred to herein as the "Individual Defendants."

16. Collectively, GTx and the Individual Defendants are referred herein as

"Defendants."

17. Relevant non-party Oncternal is Delaware corporation, headquartered in San Diego, California. A clinical-stage oncology company, Oncternal is developing treatments for cancers with currently unmet medical needs.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because GTx is a corporation established under the laws of this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

21. On March 7, 2019, the Company and Oncternal issued a joint press release announcing the Proposed Transaction. The Press Release read in relevant part:

> MEMPHIS, Tenn. & SAN DIEGO--(BUSINESS WIRE)--Mar. 7, 2019--GTx, Inc. (Nasdaq: GTXI) and Oncternal Therapeutics, Inc., a privately held clinical-stage biotechnology company developing potential first-in-class therapeutic candidates for cancers with critical unmet medical need, today jointly announced that they have entered into a definitive merger agreement under which the stockholders of Oncternal would become the majority owners of GTx's outstanding common stock. The proposed merger will create a publicly-traded, clinical-stage oncology company.

4

The combined company will be named Oncternal Therapeutics, Inc. and plans to change its ticker symbol on the Nasdaq Capital Market to ONCT upon closing of the transaction.

The combined company will have a strong balance sheet and deep pipeline of promising oncology drug programs advancing in development:

- Oncternal's lead program, cirmtuzumab, is an investigational, potential first-in-class anti-ROR1 monoclonal antibody. Cirmtuzumab is currently in a Phase 1/ 2 clinical trial in combination with ibrutinib for the treatment of chronic lymphocytic leukemia (CLL) and mantle cell lymphoma (MCL). In addition, an investigator-initiated Phase 1 clinical trial of cirmtuzumab in combination with paclitaxel for women with metastatic breast cancer is being conducted at the University of California San Diego (UC San Diego).

- TK216, an investigational, potential first-in-class small molecule designed to inhibit the biological activity of ETS-family transcription factor oncoproteins, is being evaluated alone and in combination with vincristine in a Phase 1 clinical trial in patients with relapsed or refractory Ewing sarcoma.

- A ROR-1 targeted chimeric antigen receptor T-cell (CAR-T) program is in preclinical development at UC San Diego for hematologic and solid tumors.

- A Selective Androgen Receptor Degrader (SARD) program, an investigational, potential first-in-class preclinical program designed for oral administration to treat castration-resistant prostate cancer in men who are non-responsive to current androgen targeted therapies.

Cash, cash equivalents and short-term investments for the combined company are expected to be approximately $26 million, if the merger closes by the end of the second quarter of 2019. These funds are expected to be sufficient to advance Oncternal's programs into the second quarter of 2020, including the Phase 2 study of cirmtuzumab and ibrutinib, and will fund the planned SARD preclinical studies to support the submission of an investigational new drug application with the U.S. Food and Drug Administration.

James Breitmeyer, MD, PhD, cofounder, president and CEO of Oncternal and a 30-year veteran of the pharmaceutical industry, will continue as president and CEO of the combined company. David Hale, cofounder of Oncternal and a 35-year veteran of numerous successful private and public biotech companies, will continue as Chairman of the Board of the combined company.

"This merger introduces Oncternal and its promising oncology pipeline to the public market and provides additional capital resources to advance our

programs to potential value inflection points," said Dr. Breitmeyer. "In addition to clinical data expected from our cirmtuzumab and TK216 programs later this year and during the first half of 2020, we also plan to have preclinical results that get us ready for clinical testing of our ROR1 CAR-T program. The addition of GTx's SARD technology strengthens our pipeline and augments our entire oncology franchise, which includes a range of therapeutic approaches for a variety of difficult to treat cancers."

"This transaction with Oncternal reflects the continued commitment of our management team and Board of Directors to deliver value to stockholders and make a difference in patients' lives," said Robert J. Wills, PhD, Executive Chairman of GTx. "Following a thorough review of strategic alternatives, we have determined that a reverse merger with Oncternal will enable GTx investors to participate in Oncternal's broader pipeline of oncology opportunities, including product candidates designed to address rare disease indications, and enable the continued development of our first-in-class SARD technology by a company whose leadership has deep experience in developing oncology medicines."

**About the Proposed Merger**

The merger is structured as a stock-for-stock transaction whereby all of Oncternal's outstanding shares of common stock and securities convertible into or exercisable for Oncternal's common stock will be converted into GTx common stock and securities convertible into or exercisable for GTx common stock. Immediately following the closing of the transaction, the former stockholders of Oncternal will hold approximately 75% of the outstanding shares of common stock of the combined company. In addition to retaining an ownership interest representing approximately 25% of the outstanding shares of common stock of the combined company, the GTx stockholders of record as of immediately prior to the effective time of the merger will receive non-transferable contingent value rights ("CVR") entitling the holders to receive in the aggregate 50% of any net proceeds derived from the grant, sale or transfer of rights to SARD or selective androgen receptor modulator (SARM) technology during the term of the CVR and, if applicable, to receive royalties on the sale of any SARD products by the combined company during the term of the CVR. Under certain circumstances further described in the merger agreement, the exchange ratio of the outstanding shares of common stock of the combined company may be adjusted upward or downward based on cash levels of each of the companies at closing.

Upon closing of the transaction, GTx will be renamed Oncternal Therapeutics, Inc. and will be headquartered in San Diego, California under the leadership of Oncternal's current management team. Although no GTx employee is expected to remain an employee of the combined company, the merger agreement provides that the Board of Directors of the combined company will be comprised of nine members, including seven designated Oncternal

directors as well as Robert J. Wills, PhD and Michael G. Carter, MD, from GTx's current Board. The combined company is expected to trade on The Nasdaq Capital Market under a new ticker symbol, ONCT. The merger agreement has been unanimously approved by the Board of Directors of each company. The transaction is expected to close in the second quarter of 2019, subject to approvals by stockholders of each company and other customary closing conditions.

Aquilo Partners, L.P. is acting as exclusive financial advisor to GTx on the proposed transaction and Cooley LLP serves as legal counsel to GTx. Piper Jaffray is acting as exclusive financial advisor to Oncternal on the proposed transaction and Latham & Watkins, LLP serves as legal counsel to Oncternal.

**The Registration Statement Misleads GTx Stockholders by Omitting Material Information**

22.    On April 8, 2019, the Company filed the materially misleading and incomplete Registration Statement with the SEC.  Designed to convince stockholders to vote in favor of the Proposed Transaction, the Registration Statement is rendered misleading by the omission of critical information concerning employment communications between Oncternal and Company insiders, and the terms of confidentiality agreements entered into between the Company and other potential strategic transaction partners.

*Communications Regarding the Employment of the Individual Defendants or Other GTx Senior Management*

23.    The Registration Statement omits material communications regarding the composition of the board of the combined company, as well as the continued employment of GTx management.  The Registration Statement discloses that Defendants Carter and Wills are likely to become directors of the combined company, but omits when and how this was negotiated during the process leading up to the execution of the Merger Agreement.

24.    Despite this certainty regarding the continued directorship of Defendants Carter and Wills, the Registration Statement fails to disclose any and all information pertinent to potential conflicts of interest on the part of the Individual Defendants, including:

(a)    any and all information pertaining to Oncternal's first indication of the

7

possible continued director seats, or the employment of any other GTx officers, directors, or employees following a strategic transaction, including but not limited to the timing, content, communications, parties, and form of such an indication;

(b) whether Oncternal ever made any communications pertaining to the potential employment of any GTx officers, directors, or employees before entering into a confidentiality agreement with GTx; and

(c) any and all information pertaining to the communications referred to in ¶ 24(b), including but not limited to the timing, content, parties, and form of such communications.

25. The Information Statement must be revised to include this material information. The Board has spurned other offers that might lead to the loss of all board seats. Thus, disclosures of employment-related communications or negotiations would materially alter the recitation of the process leading to the Proposed Transaction.

26. The continuing directors have a financial interest in ensuring that the Proposed Transaction is consummated, apart from any share ownership in the Company. Failing to disclose when this conflicting financial interest appeared materially misleads GTx stockholders like Plaintiff regarding the process and independence of the Board in the lead up to the Merger Agreement.

*Material Information Regarding the Terms of Confidentiality Agreements*

27. The Registration Statement discloses that GTx entered into confidentiality agreements with fourteen companies, including Oncternal, during the process. However, the Registration Statement omits whether these agreements contained standstill provisions, and if so, whether these standstill provisions contained so-called "don't-ask-don't-waive" ("DADW") provisions that presently preclude these other potential strategic partners from making a topping

bid for the Company. This omission is particularly notable because the Company entered into a mutual exclusivity agreement with Oncternal on January 29, 2019, over a month before the execution of the Merger Agreement. Such information is material to GTx stockholders as a reasonable GTx stockholder would find it material and important to their voting decision whether or not parties that had previously been interested in a potential acquisition of the Company are now foreclosed from submitting superior proposals.

28. Defendants' failure to provide GTx stockholders with the foregoing material information renders the statements in the *Background of the Merger* section of the Registration Statement false and/or materially misleading.

29. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special shareholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and is thus threatened with irreparable harm, warranting the injunctive relief sought herein

30. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and GTx**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants caused the dissemination of the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the

Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. GTx is liable as the issuer of these statements.

33. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

34. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

36. The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of GTx within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of GTx and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act.

As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: April 23, 2019                                         Respectfully submitted,

**O'KELLY ERNST & JOYCE, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
901 Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 778-4000
Fax: (302) 295-2873
rernst@oelegal.com

**LEVI & KORSINSKY, LLP**
Donald J. Enright                                        *Attorneys for Plaintiff*
Elizabeth K. Tripodi
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
Email: denright@zlk.com
          etripodi@zlk.com

*Attorneys for Plaintiff*